**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>               Plaintiff - Appellant,<br><br>v.<br><br>SPECIAL COMMITMENT CENTER; et al.,<br><br>               Defendants - Appellees. | No. 15-35079<br><br>D.C. No. 3:14-cv-05018-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

James Edward Jones, a Washington pre-trial civil detainee, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional claims in connection with the quality and temperature of the water

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and air in his housing unit at the Special Commitment Center ("SCC"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

Summary judgment was proper as to Jones' claims against defendants Dubble and Nerio, and his water temperature, air temperature, and air quality claims against defendant Strong, because Jones failed to raise a genuine dispute of material fact as to whether these defendants were personally involved in a constitutional violation or whether their conduct caused any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court granted summary judgment for Strong on Jones' water quality claim. However, Jones raised a genuine dispute of material fact as to whether Strong violated his Fourteenth Amendment rights by subjecting him to punishment. *See Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (analyzing pre-trial civil detainees' conditions of confinement under the Fourteenth Amendment and explaining that such individuals cannot be subject to conditions amounting to punishment). The record contains evidence showing that the water in Jones' housing unit was often brown, had floating debris, and at least once, caused

Jones and another detainee gastrointestinal distress and vomiting. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (reversing summary judgment on prisoner's Eighth Amendment claim alleging that water in his housing unit was "Blue/Green in Color and Foul Tasting[,]" even though defendants produced evidence that "recent water quality tests showed that the water was pristine" (internal quotation marks omitted)). Jones also submitted evidence showing that staff occasionally told detainees not to use the water and passed out water bottles, and Strong did not address Jones' concern that he was unable to shower, wash, or shave. Accordingly, we reverse summary judgment on this claim and remand for further proceedings.

Contrary to Jones' contention, the district court did not overlook his claim regarding SCC Policy 204 because it granted summary judgment on this claim.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

15-35079